UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALCOLM DUBOSE,<br><br>                              Plaintiff,<br><br>          -against-<br><br>SUNY MARITIME COLLEGE OFFICE OF FINANCIAL AID, et al,<br><br>                              Defendants. | Case No. 1:24-cv-05547 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

The Court is in receipt of Plaintiff's request for *pro bono* counsel. ECF No. 4. Plaintiff states that he "spent this past year reading . . . Federal statutes" but is "not an expert or trained in the practice of law" and that he "cannot afford to spend anymore time on this case." *Id.* at 3. Plaintiff states that he searched for counsel by contacting three attorneys. *Id.* The first attorney informed Plaintiff that Plaintiff "could not afford his services." *Id.* Plaintiff sent a second attorney "an early draft of [his] complaint" but "did not hear back from her office." *Id.* Plaintiff also spoke to a third attorney, who expressed that his specialty was criminal litigation, whereas this case is a civil matter. *Id.* For the following reasons, Plaintiff's request is DENIED without prejudice to renew the request at a later point.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead,

1

may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

The district court should "first determine whether the indigent's position seems likely to be of substance, and then, if this threshold is met, . . . consider secondary criteria, including the *pro se* litigant's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Jude v. New York State Office of Mental Health*, No. 22-cv-07441 (NSR), 2024 WL 1364728, at *1 (S.D.N.Y. Apr. 1, 2024) (quotation marks and citations omitted).

At this juncture, no defendant has been served or appeared in the case. Thus, at this time, it is too early in the proceedings for the Court to adequately assess the merits of the case. *C.f. Quadir v. New York State DOL*, 39 F. Supp. 3d 528, 543 (S.D.N.Y. 2014) ("At the motion to dismiss stage, it is too early to adequately weigh the merits of [a plaintiff]'s case.").

Even if the Court were to find that Plaintiff's claims are likely to be of substance, Plaintiff has not met his burden to show that he cannot effectively prosecute his case independently. His "claims do not appear so overwhelmingly complex that he cannot be afforded a just determination without legal representation." *Maldonado v. Candidus*, No. 97-cv-04794 (RLE), 1998 WL 690817, at *1 (S.D.N.Y. Sept. 30, 1998). Moreover, his conclusory statements that he "spent this past year reading . . . Federal statutes" but is "not an expert or trained in the practice of law" and that he "cannot afford to spend anymore time on

this case" are not enough to show that he cannot effectively prosecute his claims without *pro bono* counsel. *See e.g.*, *Islam v. Fisher*, No. 07-cv-03225 (DF), 2008 WL 563462, at *2 (S.D.N.Y. Feb. 27, 2008) (a plaintiff's "general assertion" that he "does not have . . . expertise or legal skills is not sufficient, in itself, to justify a request for counsel." (internal quotations and citation omitted)).

Furthermore, Plaintiff has not demonstrated sufficient efforts to obtain counsel. Plaintiff states that he contacted three attorneys, but describes no other efforts to obtain counsel. The lack of a more fulsome search for counsel weighs against Plaintiff's request for *pro bono* counsel. *See Mena v. City of New York*, No. 12-cv-00028 (CM), 2013 WL 1165554, at *1 (S.D.N.Y. Mar. 19, 2013) (this factor weighed against Court requesting counsel where plaintiff had only "contacted a couple of law firms.").

Weighing these factors, and in light of the need to preserve the "precious commodity" of volunteer-lawyer time, *Cooper*, 877 F.2d at 172-73, the Court declines in its discretion to request *pro bono* counsel for Plaintiff at this time. Thus, Plaintiff's request for *pro bono* counsel is DENIED without prejudice for renewal at a later point in the litigation. The Clerk of Court is respectfully directed to CLOSE the motion pending at ECF No. 4.

Dated: August 7, 2024
      New York, New York

                                    SO ORDERED.

                                    JENNIFER L. ROCHON
                                    United States District Judge