UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MALCOLM DUBOSE,

                         Plaintiff,

             -against-

SUNY MARITIME COLLEGE OFFICE OF
FINANCIAL AID et al.,

                       Defendants.

Case No. 1:24-cv-05547 (JLR)

**ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

      The Court is in receipt of Plaintiff's renewed request for *pro bono* counsel. Dkt. 46. Plaintiff explains that he requires *pro bono* counsel because Defendants "now have a team of attorneys representing them," his amended claims raise new questions of federal law, and newly proffered evidence in his opposition strengthens the merits of his case. *Id.* (requesting appointment of *pro bono* counsel "[g]iven these facts and the complexity of this case"). As explained below, Plaintiff's request is DENIED.

      "[I]n reviewing a request for appointment of counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity, and thus, should not grant appointment of counsel indiscriminately." *Quadir v. New York State DOL*, 39 F. Supp. 3d 528, 543 (S.D.N.Y. 2014). The district court must weigh several factors, including "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

      As a threshold matter, the Court finds that plaintiff has not "demonstrate[d] that his claim has substance or a likelihood of success." *Quadir*, 39 F. Supp. 3d at 543; *see also*

*Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (cautioning "that this requirement must be taken seriously"). The Court denied Plaintiff's initial request for *pro bono* counsel, *see* Dkt. 4, because the Court found, among other things, that it was "too early in the proceedings for the Court to adequately assess the merits of the case," Dkt. 6 at 2 (citing *Quadir*, 39 F. Supp. 3d at 543). That is still true here. Defendants moved to dismiss the Complaint on November 26, 2024, Dkt. 29, and the briefing on that motion is not yet complete, *see* Dkt. 45, which weighs against granting Plaintiff's request. *Cf. Quadir*, 39 F. Supp. at 543 (denying request to appoint *pro bono* counsel at the motion to dismiss stage where "a more fully developed record" was needed to "determine whether [Plaintiff]'s chances of success warrant the appointment of counsel").

Even if the Court concluded that there was merit to Plaintiff's claims, and thus far that showing has not been made, Plaintiff has not shown that the other factors weigh in his favor, and he has not demonstrated that the circumstances have significantly changed since his last request. As before, "Plaintiff has not demonstrated sufficient efforts to obtain counsel" and "describes no other efforts to obtain counsel." Dkt. 6 at 3 (citing *Mena v. City of New York*, No. 12-cv-00028 (CM), 2013 WL 1165554, at *1 (S.D.N.Y. Mar. 19, 2013)). Moreover, Plaintiff has not explained why his new claims would be more burdensome to prosecute than his original claims, beyond conclusory statements that his case has become more complex and that Defendants have "a team of attorneys representing them." Dkt. 46. To date, Plaintiff "has ably represented himself, . . . has filed several motions and opposed Defendants' motion[]," and "will, no doubt, continue to do so," *Pagan v. Corr. Med. Servs.*, No. 11-cv-01357 (ER), 2012 WL 2036041, at *10 (S.D.N.Y. June 6, 2012), which demonstrates his "ability to handle the case without assistance," *id.* at *9 (quoting *Cooper*, 877 F.2d at 172). *See also Islam v. Fisher,* No. 07-cv-03225 (DF), 2008 WL 563462, at *2 (S.D.N.Y. Feb. 27,

2008) (A plaintiff's "general assertion" that he "does not have . . . expertise or legal skills is not sufficient, in itself, to justify a request for counsel." (internal quotations and citation omitted)).

For the foregoing reasons, Plaintiff's renewed request for *pro bono* counsel at this time is DENIED.

Plaintiff is reminded that he may contact the *Pro Se* Law Clinic available to self-represented parties in civil cases for legal assistance. The *Pro Se* Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the *Pro Se* Intake Unit). The City Bar Justice Center can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). The District Court's website also contains useful information regarding the litigation process for parties who are proceeding *pro se*, which is available at:

https://www.nysd.uscourts.gov/prose.

Dated: January 10, 2025
       New York, New York

                                          SO ORDERED.

                                          *Jennifer Rochon*
                                          JENNIFER L. ROCHON
                                          United States District Judge

3