UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALCOLM DUBOSE,<br><br>         Plaintiff,<br><br> -against-<br><br>SUNY MARITIME COLLEGE OFFICE OF FINANCIAL AID, ANDREA DAMAR, ROXANNE THOMPSON, LLENY DE LA CRUZ, LU-ANNE PLAISANCE, ROBIN MARSHALL, and DEFENDANTS KNOWN AND UNKNOWN,<br><br>         Defendants. | Case No. 1:24-cv-05547 (JLR)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On March 13, 2025, Plaintiff, proceeding *pro se*, filed three motions: (1) a motion for sanctions against Defendants "for improperly disclosing personally identifiable information (PII) of Plaintiff's relatives" in violation of the Family Educational Rights and Privacy Act ("FERPA"), Dkt. 53 at 1; (2) a motion for sanctions against the New York State Attorney General's Office (the "NYAGO") for "unreasonably and vexatiously multipl[ying] proceedings" in violation of 28 U.S.C. § 1927, Dkt. 54 at 1; and (3) a motion to compel the U.S. Department of Education (the "DOE") "to investigate Plaintiff's complaint" pursuant to the Administrative Procedure Act ("APA"), Dkt. 55 at 1. On March 18, 2025, Defendants filed a letter response in opposition to Plaintiff's motions. Dkt. 56 ("Opp."). As set forth in more detail below, the Court DENIES Plaintiff's motions, but will permit limited redactions of Dkt. 47-1.

 I. **Motion for FERPA Sanctions**

Plaintiff moves the Court for an order imposing monetary sanctions on Defendants for "submitt[ing] evidence containing the PII of Plaintiff's relatives" in violation of FERPA. Dkt. 53 at 1. Although Plaintiff does not specify the evidence in question, the Court assumes

he is referring to Exhibit D in support of Defendants' Motion to Dismiss the Complaint. *See* Dkt. 47-1 at 9 (listing name, address, and phone number of personal references, including Plaintiff's mother, in Plaintiff's application for a federal direct consolidation student loan); *see also* 34 C.F.R. § 99.3 (FERPA regulations defining PII to include the names and addresses of a student's family members).

As a threshold matter, FERPA's nondisclosure provisions "speak only in terms of institutional policy and practice, not individual instances of disclosure," *Gonzaga Univ. v. Doe*, 536 U.S. 273, 288 (2002) (citing 20 U.S.C. § 1232g(b)(1)-(2)), and "fail to confer enforceable rights," *id.* at 289 (quoting 20 U.S.C. § 1232g(f)). "Congress expressly authorized the Secretary of Education to '*deal with violations*' of the Act," *id.* at 189 (quoting 20 U.S.C. § 1232g(f)), and the Court will not usurp the Secretary's authority by imposing sanctions for a purported violation of FERPA's nondisclosure provisions.[1]  *See also Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 291 (E.D.N.Y. 2008) ("FERPA does not provide a privilege that prevents the disclosure of student records." (citation omitted)). Nor are sanctions warranted under Rule 11, as Plaintiff suggests. *See* Dkt. 53 at 2. Plaintiff argues that Defendants' filing served to "intimidate and harass Plaintiff," *id.* at 1, but Exhibit D is clearly relevant to Defendants' motion to dismiss, *see supra* note 1, and Plaintiff has included some of the same unredacted information in his own filings, *see, e.g.*, Dkts. 1, 4.

---

[1] Regardless, "[a]n educational agency or institution may disclose [PII] from an education record of a student without" prior consent if "the student's education records" are disclosed to a court in a legal action brought by the student and are "relevant for the educational agency or institution to defend itself." 34 C.F.R. § 99.31(a), (a)(9)(iii)(B). Defendants filed the loan documents in Exhibit D to rebut Plaintiff's contention that Defendants concealed the Fresh Start loan program from him. Dkt. 48-1 at 5 & n.2; *see* Compl. ¶ 16. The disclosed records are thus clearly relevant to Defendants' defense in this action.

2

In any case, Defendants have offered to file a redacted version of Exhibit D. *See* Dkt. 56 at 2 n.3. Because "[t]he public interest in [individual contact information] is low and the privacy interest is high," the Court directs Defendants to file a version of Dkt. 47-1 that redacts any individuals' addresses, phone numbers, or similar information. *In re SunEdison, Inc. Sec. Litig.*, No. 16-cv-07917 (PKC), 2019 WL 12043498, at *4 (S.D.N.Y. Sept. 25, 2019); *accord In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-mc-02542 (VSB), 2023 WL 196134, at *10 (S.D.N.Y. Jan. 17, 2023) (granting request to redact "the email addresses and phone numbers of individuals" because "[t]he privacy of third parties is the type of higher value that justifies sealing even where the First Amendment right of access attaches" (citing *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1997))).

## II.    Motion for § 1927 Sanctions

Plaintiff moves for sanctions against the NYAGO, pursuant to 28 U.S.C. § 1927, "on the grounds that they have unreasonably and vexatiously multiplied proceedings, causing undue delay and unnecessary costs." Dkt. 54 at 1. Plaintiff's request is denied.

"Like an award made pursuant to the court's inherent power, an award under § 1927 is proper when the attorney's actions are *so completely without merit* as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (citation omitted). "Before punishing actions taken 'on behalf of a client' under either § 1927 or its inherent authority, the Court 'must make an explicit finding of bad faith.'" *Jones v. Combs*, --- F. Supp. 3d ---, 2024 WL 5107365, at *3 (S.D.N.Y. Dec. 13, 2024) (quoting *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124 (2d Cir. 2023)). Plaintiff argues that § 1927 sanctions are necessary because "[t]he evidence supporting [his] claims is sufficient to prevail on the merits" and Defendants have "engaged in . . . unnecessary motions and procedural delays, serving only to prolong the

proceedings." Dkt 54 at 2. However, Defendants have done nothing unusual or problematic here. They filed a motion to dismiss, which they had a right to do, and requested a brief extension to file a reply brief in response to Plaintiff's lengthy opposition, which the Court granted. *See* Dkts. 29, 45. There is nothing on the record that could support a finding of bad faith or improper behavior, and § 1927 sanctions would be wholly inappropriate here.

### III.    Motion to Compel an Investigation

Lastly, Plaintiff moves the Court for an order, pursuant to the APA, 5 U.S.C. § 706(1), compelling the DOE to investigate Defendants because "[i]t has been nearly two years since Plaintiff first made the [DOE] aware of this case, but [it] has yet to respond." Dkt. 55 at 2. The Court denies Plaintiff's motion.

Under § 706(1), "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed.'" *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 62 (2004) (omission in original) (quoting 5 U.S.C. § 706(1)). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Benzman v. Whitman*, 523 F.3d 119, 130 (2d Cir. 2008) (quoting *Norton*, 542 U.S. at 64). Here, Plaintiff has pointed to no statute or regulation that "impose[s] on [the Department] a specific obligation to take discrete action." *Thompson v. Donovan*, No. 13-cv-02988 (CS), 2014 WL 5149037, at *8 (S.D.N.Y. Oct. 14, 2014). "More generally, Plaintiff['s] argument that an investigation is warranted overlooks the 'presumption against judicial review of agency decisions that involve whether to undertake investigative or enforcement actions.'" *Id.* (citation omitted); *see also Salazar v. King*, 822 F.3d 61, 75 (2d Cir. 2016) ("[A]n agency's decision *not* to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." (quoting *Heckler v. Chaney*, 470 U.S. 821, 831 (1985))); *L.M. v. Johnson*, 150 F. Supp. 3d

4

202, 206-07 (E.D.N.Y. 2015) ("The APA tempers [its] grant of judicial power by expressly limiting review where . . . 'agency action is committed to agency discretion by law.'" (quoting 5 U.S.C. § 701(a)(2))).  Plaintiff has not overcome this presumption.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motions.  However, Defendants shall file a redacted version of Dkt. 47-1 consistent with this Order.  The Clerk of Court is respectfully directed to terminate the motions at Dkts. 53, 54, and 55.

Dated: March 21, 2025
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge