UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALCOLM DUBOSE,<br><br>                     Plaintiff,<br><br>-against-<br><br>SUNY MARITIME COLLEGE OFFICE OF FINANCIAL AID, *et al.*,<br><br>                     Defendants. | Case No. 1:24-cv-05547 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff, proceeding *pro* se, initiated this action on July 19, 2024.  *See* Dkt. 1 ("Compl.").  On May 23, 2025, the Court granted Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6), *see generally DuBose v. SUNY Mar. Coll. Off. of Fin. Aid*, No. 24-cv-05547 (JLR), 2025 WL 1488983 (S.D.N.Y. May 23, 2025), after which the Clerk of Court entered judgment in favor of Defendants and closed the case, *see* Dkt. 71.  On June 23, 2025, Plaintiff filed a letter seeking leave to file an amended complaint with a new claim under 42 U.S.C. § 1981.  *See* Dkt. 72.  Defendants oppose the request.  Dkt. 73.

"It is well established that '[a] party seeking to file an amended complaint post[-]judgment must first have the judgment vacated or set aside pursuant to [Rule] 59(e) or 60(b).'" *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (first and second alteration in original) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)).  "Rule 59(e) allows a litigant to file a 'motion to alter or amend a judgment'" no later than "28 days from entry of the judgment, with no possibility of an extension." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (citing Fed. R. Civ. P. 6(b)(2)).  Plaintiff's request comes

more than 28 days after the entry of judgment, so Rule 59(e) is inapplicable here. The Court will thus construe Plaintiff's request as a Rule 60(b) motion for relief from final judgment.[1]

Rule 60(b) serves as "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)). Relief under Rule 60(b) is available for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Applicable here, Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023).

"[O]n a post-judgment motion for vacatur and leave to amend, 'due regard' must be given to *both* the 'philosophy favoring finality of judgments and the expeditious termination of litigation,' and the 'liberal amendment policy of Rule 15(a).'" *Id.* (quoting *Williams v.*

---

[1] Because the Court construes Plaintiff's request as a Rule 60(b) motion, Defendants' *res judicata* arguments are inapposite here. *See Weldon v. United States*, 70 F.3d 1, 5 (2d Cir. 1995) ("Res judicata does not preclude a litigant from making a direct attack [under Rule 60(b)] upon the judgment before the court which rendered it." (alteration in original) (citation omitted)); *accord Felton v. Local Union 804, International Brotherhood of Teamsters*, No. 22-2779, 2024 WL 2813896, at *3 (2d Cir. June 3, 2024) (summary order).

*Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) (per curiam)). In this context, the Second Circuit has "given 'due regard' to 'the liberal spirit of Rule 15' by ensuring plaintiffs at least one opportunity to replead.'" *Id.* at 362 (quoting *Metzler*, 970 F.3d at 146). Where, as here, a plaintiff has not yet had an opportunity to replead, a court may not deny a request for post-judgment relief to file a first amended complaint "'without any justifying reason,' such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Id.* at 362 (first quoting *Metzler*, 970 F.3d at 146; and then quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "'Amendment to a pleading is futile if it could not withstand a motion to dismiss' for failure to state a claim, that is, if it does not 'contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins.*, No. 22-cv-07900 (JLR) (OTW), 2025 WL 1603919, at *6 (S.D.N.Y. June 6, 2025) (quoting *Hauptman v. Interactive Brokers, LLC*, 349 F. Supp. 3d 292, 295 (S.D.N.Y. 2018)).

Plaintiff explains that his amended pleading will assert a single claim pursuant to 42 U.S.C. § 1981 and "provide factual detail" regarding Defendants' alleged "ethnic bias" that prevented him from obtaining a Title IV loan. Dkt. 72 at 1; *see Ginx, Inc. v. Soho All.*, 720 F. Supp. 2d 342, 357 (S.D.N.Y. 2010) ("Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship . . . ." (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, (2006))). The Court has already reviewed the prior complaint, and because Plaintiff is *pro se*, more than a year's worth of email correspondence between Plaintiff and Defendants, and previously concluded that Plaintiff failed to allege "facts suggesting that Defendants' alleged conduct was based in any way on his race." *DuBose*,

2025 WL 1488983, at *7.  The Court also observed that "the exhibits attached to Plaintiff's filings indicate that Defendants spent considerable time and effort guiding Plaintiff through the federal-aid application process, which belies his claim that they were actively seeking to discourage him from obtaining aid."  *Id.*  The Court is thus skeptical that Plaintiff could plead additional facts to support a plausible inference of discrimination or interference with the formation of a contract.  However, the Court is unable to conduct a futility analysis of Plaintiff's proposed claim because he has not filed his proposed amended complaint or otherwise elaborated on the additional facts he seeks to plead in support of his new claim.  *See also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (noting "the 'special solicitude' that is appropriately accorded to *pro se* litigants" (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994))).

Accordingly, no later than **September 12, 2025,** Plaintiff shall file a letter **not to exceed two (2) pages** succinctly describing his proposed § 1981 claim and any **new** factual allegations he intends to plead in support of his claim.

Dated:  September 3, 2025
        New York, New York

                                        SO ORDERED.

                                        *Jennifer Rochon*
                                        JENNIFER L. ROCHON
                                        United States District Judge

4