UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MALCOLM DUBOSE,

                  Plaintiff,

-against-

SUNY MARITIME COLLEGE OFFICE OF FINANCIAL AID, ANDREA DAMAR, ROXANNE THOMPSON, LLENY DE LA CRUZ, LU-ANNE PLAISANCE, ROBIN MARSHALL, and DEFENDANTS KNOWN AND UNKNOWN,

                  Defendants.

Case No. 1:24-cv-05547 (JLR)

**MEMORANDUM OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

    Plaintiff, proceeding *pro* se, initiated this action on July 19, 2024. *See* Dkt. 1. On May 23, 2025, the Court granted Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6), *see generally DuBose v. SUNY Mar. Coll. Off. of Fin. Aid*, No. 24-cv-05547 (JLR), 2025 WL 1488983 (S.D.N.Y. May 23, 2025), after which the Clerk of Court entered judgment in favor of Defendants and closed the case, *see* Dkt. 71. On June 23, 2025, Plaintiff filed a letter seeking leave to file an amended complaint with a new claim under 42 U.S.C. § 1981, explaining that his amendment would "provide factual detail" regarding Defendants' alleged "ethnic bias" that prevented him from obtaining a Title IV loan. Dkt. 72 at 1. Defendants oppose the request. Dkt. 73.

    On September 3, 2025, the Court issued an Order construing Plaintiff's letter as a Rule 60(b) motion. *See* Dkt. 74. Because Plaintiff had "not filed his proposed amended complaint or otherwise elaborated on the additional facts he seeks to plead in support of his new claim," the Court directed Plaintiff to file a supplemental letter "describing his proposed § 1981 claim and any new factual allegations he intends to plead in support of his claim." *Id.*

at 4 (emphasis omitted). Plaintiff filed the required letter on September 15, 2025, clarifying that he seeks to assert both a discrimination claim and a retaliation claim under § 1981. The Court has reviewed Plaintiff's submissions and determines that amendment would be futile. Accordingly, Plaintiff's request to reopen the case and file an amended complaint is DENIED.

## LEGAL STANDARD

Rule 60(b) serves as "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)). "[O]n a post-judgment motion for vacatur and leave to amend [pursuant to Rule 60(b)], 'due regard' must be given to *both* the 'philosophy favoring finality of judgments and the expeditious termination of litigation,' and the 'liberal amendment policy of Rule 15(a).'" *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (per curiam)). In this context, the Second Circuit has "given 'due regard' to 'the liberal spirit of Rule 15' by ensuring plaintiffs at least one opportunity to replead.'" *Id.* at 362 (quoting *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146 (2d Cir. 2020)).

Where, as here, a plaintiff has not yet had an opportunity to replead, a court may not deny a request for post-judgment relief to file a first amended complaint unless there is a "'justifying reason,' such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment.'" *Id.* (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "'Amendment to a pleading is futile if it could not withstand a motion to dismiss' for failure to state a claim, that is, if it does not 'contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible

on its face.'" *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, No. 22-cv-07900 (JLR) (OTW), 2025 WL 1603919, at *6 (S.D.N.Y. June 6, 2025) (quoting *Hauptman v. Interactive Brokers, LLC*, 349 F. Supp. 3d 292, 295 (S.D.N.Y. 2018)).

## DISCUSSION

### I.   Proposed Discrimination Claims Under § 1981

"Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship . . . ." *Ginx, Inc. v. Soho All.*, 720 F. Supp. 2d 342, 357 (S.D.N.Y. 2010) (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, (2006)). "'To state a claim under Section 1981, "a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts . . . )."'" *Fouche v. St. Charles Hosp.*, 64 F. Supp. 3d 452, 456 (E.D.N.Y. 2014) (quoting *Gaddy v. Waterfront Comm'n*, No. 13-cv-03322 (AT) (HBP), 2014 WL 4739890, at *5 (S.D.N.Y. Sept. 19, 2014)). "Essential to an action under Section 1981 are allegations that the defendants' acts were purposefully discriminatory and racially motivated." *Id.* (quoting *Haggood v. Rubin & Rothman, LLC*, No. 14-cv-00034 (SJF) (AKT), 2014 WL 6473527, at *7 (E.D.N.Y. Nov. 17, 2014)).

Plaintiff avers that Defendants violated § 1981 by denying him the "right to make a Title IV contract during semesters [he] was eligible." Dkt. 75 at 1. Specifically, Plaintiff alleges that Defendants "knowingly misinform[ed] [him] of [his] Title IV eligibility in order to funnel [him] towards private student loans or an agreement with the institution that would inevitably require a private student loan." *Id.* According to Plaintiff, "[t]his would allow the college to be paid tuition and would mitigate the risk they believed [Plaintiff] posed to" its

3

cohort default rate ("CDR").  *Id.*; *see Dubose*, 2025 WL 1488983, at *7 ("A school's cohort default rate is calculated based on the number of defaulted loans held by its students.  '[T]o keep the cost of [federal student loan] programs down, the Secretary of Education reviews the number of defaulted loans each year and suspends the eligibility of any school whose "cohort default rate"' exceeds a certain percentage." (citation omitted) (alterations in original) (quoting *Calise Beauty Sch., Inc. v. Riley*, 941 F. Supp. 425, 427 (S.D.N.Y. 1996)) (citing 34 C.F.R. § 668.206)).  Plaintiff alleges that "Black men have the highest per capita student loan defaults in the United States," Dkt. 75 at 1, and thus suggests that Defendants assumed Plaintiff, as a Black male, "would inevitably default on [his] student loans . . . and thus negatively affect the [College]'s CDR and future federal funding," *id.* at 2.

Plaintiff raised a nearly identical argument in support of his earlier claim under the Equal Education Opportunity Act ("EEOA") of 1972, 20 U.S.C. § 1701 *et seq.*, which the Court dismissed for failure to state a claim.  *See Dubose*, 2025 WL 1488983, at *7 ("Plaintiff alleges that because 'Black men . . . have the highest rate of student loan default of all other student borrowers,' Defendants sought to obstruct him from obtaining federal aid to ensure that their CDR remained low." (citation omitted) (omission in original)).  The Court rejected Plaintiff's theory because he cited only to a report "compar[ing] national student-loan default rates between Black and white college graduates [that] contain[ed] no specific information pertaining to the College."  *Id.*  Plaintiff did not allege any "other facts suggesting that Defendants' alleged conduct was based in any way on his race or gender."  *Id.* (citing *Z.Q. v. N.Y.C. Dep't of Educ.*, No. 20-cv-09866 (ALC), 2024 WL 1333144, at *6 (S.D.N.Y. Mar. 28, 2024)); *see Z.Q.*, 2024 WL 1333144, at *6 (dismissing EEOA claim for failure to state a claim where complaint was "devoid of allegations that the . . . barriers Plaintiffs faced were due to their [protected characteristic]").  The Court explained that "[t]o the contrary, the exhibits

attached to Plaintiff's filings indicate[d] that Defendants spent considerable time and effort guiding Plaintiff through the federal-aid application process, which belie[d] his claim that they were actively seeking to discourage him from obtaining aid. The College even awarded Plaintiff a retroactive scholarship to help him pay down his 2022-2023 tuition balance so that he could obtain federal student aid for the 2023-2024 academic year." *Dubose*, 2025 WL 1488983, at *7 (citations omitted).

Plaintiff's proposed § 1981 claim suffers from similar deficiencies. As to Plaintiff's previously proffered statistical evidence, the Second Circuit "ha[s] held that statistics alone are not sufficient to allege discriminatory intent in § 1981 . . . cases brought by an individual only on her own behalf, or in cases brought against a state official in her individual capacity." *Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 69 n.5 (2d Cir. 2015) (citations omitted). "In these situations, . . . broad statistical evidence, without evidence of specific instances of discrimination, is not relevant to whether any specific individual acted with discriminatory intent or whether any specific individual was the target of discrimination." *Id.* The only new allegation proposed by Plaintiff is that one of the Individual Defendants made an "unprompted" remark that his ineligibility for student aid was "not about [his] race." Dkt. 75 at 2. This comment, however "does not on its face indicate a racially discriminatory attitude," *Inguanzo v. Hous. & Servs., Inc.*, 621 F. App'x. 91, 92 (2d Cir. 2015) (summary order), and even if the comment could somehow be construed as discriminatory, such "[s]tray remarks . . . *without more*, cannot get a discrimination suit to a jury," *id.* (omission in original) (quoting *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998)). Plaintiff has not made any other allegations that could support a plausible inference that Defendants acted with discriminatory intent as required to state a claim under § 1981, and his proposed claim would thus not survive a motion to dismiss. *See, e.g.*, *Fouche*, 64 F. Supp. 3d at 457 ("[B]ald assertions of

5

discrimination — unsupported by any meaningful comments, actions, or examples of similarly [] situated persons outside of the Plaintiff's protected class being treated differently — are insufficient [for a § 1981 claim] to survive a motion to dismiss."). Accordingly, the Court finds that Plaintiff's proposed amendment to assert discrimination claims under § 1981 would be futile.

## II.     Proposed Retaliation Claims Under § 1981

"In addition to claims of discriminatory interference with contract, '. . . § 1981 encompasses claims of retaliation." *Felder v. U.S. Tennis Ass'n*, 27 F.4th 834, 848 n.9 (2d Cir. 2022) (quoting *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008)). "To establish retaliation, plaintiffs must show that [they] were (1) engaged in an activity protected under anti-discrimination statutes, (2) the defendants were aware of plaintiffs' participation in the protected activity, (3) the defendants took adverse action against plaintiffs based upon their activity, and (4) a causal connection existed between plaintiffs' protected activity and the adverse action taken by defendants." *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 105 (2d Cir. 2001) (citing *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir. 1993)). "To make out a claim for individual liability under Section 1981, 'a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action," as "[p]ersonal liability under Section 1981 must be predicated on the actor's personal involvement." *Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 288 (S.D.N.Y. 2024) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004)).

The Court previously found that Plaintiff did not state a claim for retaliation under Title VI because he "failed to allege facts . . . to suggest he engaged in protected activity." *DuBose*, 2025 WL 1488983, at *7 (citation omitted). Specifically, Plaintiff's alleged complaint, which was emailed to Defendant Plaisance, "contain[ed] no allegation that he or

6

any other individual was mistreated 'on the ground of race, color, or national origin.'" *Id.* (quoting 42 U.S.C. § 2000d). Plaintiff now alleges that he twice verbally informed Plaisance "that [he] believed [he] was being denied the right to make a Title IV contract because of [his] ethnicity and race," Dkt. 75 at 3, which is sufficient to establish that he engaged in protected activity for purposes of stating a retaliation claim under § 1981, *see, e.g.*, *Eubanks v. N.Y.C. Dep't of Educ.*, No. 18-cv-07877 (LJL) (SLC), 2021 WL 1110587, at *14 (S.D.N.Y. Feb. 3, 2021) (informal verbal complaints of allegedly discriminatory conduct constituted protected activity for purposes of retaliation claim), *report and recommendation adopted,* 2021 WL 1105065 (S.D.N.Y. Mar. 23, 2021).

Plaintiff has not alleged, however, that any of the other Individual Defendants were aware of Plaintiff's complaint to Plaisance, which is fatal to his proposed retaliation claim against those Defendants. *See, e.g.*, *Lee*, 751 F. Supp. 3d at 289 ("Plaintiff's failure to allege knowledge of his protected activity on the part of any of the Individual Defendants is, however, fatal to Plaintiff's retaliation claims . . . under Section 1981."); *Mitura v. Finco Servs., Inc.*, 712 F. Supp. 3d 442, 459 (S.D.N.Y. 2024) (dismissing § 1981 retaliation claim against individual defendant where plaintiff failed to allege "facts that would allow the Court plausibly to infer that [the defendant] was aware of" of plaintiff's protected activity). Nor do Plaintiffs' allegations support his proposed retaliation claim against Plaisance, an HR official whom Plaintiff does not allege had a role in determining his federal-aid eligibility. *See DuBose*, 2025 WL 1488983, at *3 (summarizing email from Plaisance informing Plaintiff that other officials in the financial aid office would be making the determination as to his eligibility for federal aid); *see, e.g.*, *Lee*, 751 F. Supp. 3d at 288 (dismissing § 1981 retaliation claims against individual defendants were plaintiff failed to "plead[] facts suggesting personal involvement by [the individual defendants] in any allegedly retaliatory activity").

7

Lastly, Plaintiffs' proposed retaliation claim against the College is deficient on sovereign-immunity grounds. "For Eleventh Amendment purposes, SUNY is an integral part of the government of the State of New York and when it is sued the State is the real party." *Sealy v. State Univ. of N.Y. at Stony Brook*, 834 F. App'x 611, 613 (2d Cir. 2020) (summary order) (quoting *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594-95 (2d Cir. 1990)). "'[T]he express cause of action for damages created by § 1983 constitutes the *exclusive federal remedy* for violation of the rights guaranteed in § 1981 by state governmental units' like SUNY." *Id.* (quoting *Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018)). Even if the Court were to construe Plaintiff's § 1981 claim against the College "as one under § 1983, . . . in the absence of either a waiver or valid congressional abrogation of a State's sovereign immunity under the Eleventh Amendment, 'federal courts may not entertain a private person's suit against a State,' or, by extension, SUNY." *Id.* (citations omitted) (first quoting *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254, (2011); and then citing *Dube*, 900 F.2d at 594-95). Accordingly, the Second Circuit "ha[s] specifically recognized that 'no relief, either legal or equitable, is available against SUNY' under § 1983." *Id.* (quoting *Dube*, 900 F.2d at 594).

In sum, Plaintiff's proposed retaliation claims against all Defendants would fail to survive a motion to dismiss. Because Plaintiff's proposed discrimination claims are also deficient, the Court finds that amendment would be futile and denies Plaintiff's request to reopen the case and file an amended complaint.

8

## CONCLUSION

For the reasons set forth above, Plaintiff's request to reopen this case and file an amended complaint is DENIED.

Dated: September 17, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge